LEE LITIGATION GROUP, PLLC
C.K. Lee
Anne Seelig
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ULA CHIN,
*on behalf of herself and*
*FLSA Collective Plaintiffs*

                Plaintiff,

                v.

300 WEST 22 REALTY LLC
d/b/a THE GEM HOTEL CHELSEA
and EJAZ BALUCH,

                Defendants.

Case No:

COLLECTIVE
ACTION COMPLAINT

Jury Trial Demanded

---

Plaintiff ULA CHIN ("Plaintiff"), on behalf of herself and others similarly situated, by and through their undersigned attorneys, hereby files this Collective Action Complaint against Defendants, 300 WEST 22 REALTY LLC d/b/a THE GEM HOTEL CHELSEA ("Corporate Defendant") and EJAZ BALUCH ("Individual Defendant," and collectively with the Corporate Defendant, the "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid hours for training sessions, (2) unpaid wages due to time shaving, (3) unpaid overtime wages, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid hours for training sessions, (2) unpaid wages due to time shaving, (3) unpaid overtime wages, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

3. Plaintiff also alleges, pursuant to the FLSA, that she is entitled to recover unpaid wages resulting from Defendants' unlawful tip pooling scheme and improperly retained tips. In addition, due to Defendants' retaliation against her, she is entitled to recover compensatory damages, punitive damages and all other penalties from Defendants the Court deems appropriate.

4. Plaintiff further alleges, pursuant to the NYLL, that she is entitled to recover unpaid wages resulting from Defendants' unlawful tip pooling scheme and improperly retained tips. In addition, due to Defendants' retaliation against her, she is entitled to recover compensatory damages, punitive damages and all other penalties from Defendants the Court deems appropriate.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

2

6. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

7. Plaintiff ULA CHIN was a resident of Kings County, New York for all relevant time periods.

8. Corporate Defendant 300 WEST 22 REALTY LLC d/b/a THE GEM HOTEL CHELSEA is a Delaware limited liability company doing business in New York State with a principal place of business located at 300 West 22nd Street, New York, NY 10011 and an address for service of process located at 419 Lafayette Street, 5th Floor, New York, NY 10003. It further has a registered agent located at c/o Corporation Service Company, 80 State St., Albany, New York 12207-2543.

9. Individual Defendant EJAZ BALUCH is a general manager of the Corporate Defendant 300 WEST 22 REALTY LLC d/b/a THE GEM HOTEL CHELSEA. Defendant EJAZ BALUCH exercises operational control as it relates to all employees including Plaintiff and FLSA Collective Plaintiffs, and is in charge of payroll operations at the Hotels. Defendant EJAZ BALUCH exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff and FLSA Collective Plaintiffs. At all times, Plaintiff and other employees could complain to Defendant EJAZ BALUCH directly regarding any of the terms of their employment, and Defendant EJAZ BALUCH could reprimand employees for performing tasks improperly.

10. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

11. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-managerial employees (including, but not limited to, bartenders, front desk agents, porters, room service delivery persons, housekeepers, food preparers, cooks and dishwashers) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) compensation for hours spent for training sessions, (ii) compensation for all hours worked due to a policy of time shaving and (iii) overtime premiums at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

15. On or about February 24, 2017, Plaintiff ULA CHIN was hired by Defendants to work as a front desk agent and bartender in the hotel lobby of Defendant 300 WEST 22 REALTY LLC d/b/a THE GEM HOTEL CHELSEA, located at 300 West 22nd Street, New York, NY 10003.

16. Plaintiff was fired upon asking for her due wages and pay stubs. Her employment with Defendants ended on or about June 19, 2017.

17. Throughout her employment, Plaintiff regularly worked 5 days a week, approximately 8 to over 9 hours per day, for a total of approximately 40 to over 45 hours per week. Similarly, FLSA Collective Plaintiffs also worked at least forty (40) hours each workweek.

18. Throughout her employment, Plaintiff's role changed freely between working as a Front Desk Agent and working as a Bartender. As a Front Desk Agent, Plaintiff was compensated at a regular hourly rate of $16.00. As a Bartender Plaintiff was compensated at a regular hourly rate of $12.00.

19. The Defendants failed to pay for Plaintiff's Bartender training sessions. Similarly, Defendants regularly failed to pay for training sessions performed by FLSA Collective Plaintiffs.

20. During Plaintiff's employment, Defendants also subjected Plaintiff to time-shaving each workday. Specifically, Defendant EJAZ BALUCH would adjust her clock-out time to 11 p.m. even though Plaintiff usually did not leave until later in the night. Similarly, Defendants regularly enacted a time-shaving policy for work performed by FLSA Collective Plaintiffs.

21. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per week.

22. At all times, Plaintiff was also deprived of wages since the Defendants illegally deducted and retained tips by Defendants. Specifically, Defendants instituted and mandated an illegal tip pooling scheme to which Plaintiff never agreed. Defendant EJAZ BALUCH also shared in the tip pool illegally because he provided no services to customers but would still deduct and illegally retain portions of the tips.

23. At no time during the relevant time periods did Defendants provide Plaintiff or FLSA Collective Plaintiffs with wage and hour notices or wage statements that list the accurate regular and overtime hours worked per week, as required by the NYLL. Defendants also never provided Plaintiff with wage statements that listed the accurate amount of tips earned per week, as required by NYLL.

24. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff and FLSA Collective Plaintiffs in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

25. Plaintiff realleges and reavers by reference all allegations in the preceding paragraphs of this collective action Complaint as if fully set forth herein.

26. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

27. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

28. At all relevant times, Defendants had a gross annual revenue in excess of $500,000.00.

29. At all relevant times, the Defendants engaged in a time-shaving policy and refused to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked each week.

30. At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

31. At all times, Defendants also illegally deducted and retained tips by Defendants and consequently deprived Plaintiff of her due wages. Defendants instituted and mandated an illegal tip pooling scheme to which Plaintiff never agreed and Defendant EJAZ BALUCH further also regularly shared in the tip pool illegally because he provided no services to customers.

32. Defendants are in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of

Court to amend this Complaint to set forth the precise amount due.

33. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

34. Defendants failed to provide Plaintiff and FLSA Collective Plaintiffs with wage and hour notices or wage statements that list the accurate regular and overtime hours worked per week, as required by the FLSA. Defendants also never provided Plaintiff with wage statements that listed the accurate amount of tips earned per week, as required by the FLSA.

35. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages resulting from Defendants' unlawful tip pooling scheme and illegal retention of tips.

36. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages and unpaid off-the-clock wages plus an equal amount as liquidated damages.

37. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF

38. Plaintiff realleges and reavers by reference all allegations in the preceding paragraphs of this collective action Complaint as if fully set forth herein.

39. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §2 and 651.

40. Defendants willfully violated Plaintiff's rights by failing to pay her for all hours worked due to a policy of time-shaving.

41. Defendants failed to properly notify Plaintiff of her overtime rate, in direct violation of the New York Labor Law.

42. Defendants willfully violated Plaintiff's rights by failing to pay her overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

43. Defendants willfully violated Plaintiff's rights by instituting an unlawful tip pooling scheme and deducting and retaining tips in violation of the NYLL.

44. Defendants failed to provide a wage and hour notice, at the date of hiring and annually, per requirements of the New York Labor Law.

45. Defendants failed to provide wage statements that list the accurate regular and overtime hours worked per week, as required by NYLL § 195(3). Defendants also never provided Plaintiff with wage statements that listed the accurate amount of tips earned per week, as required by the NYLL.

46. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid overtime, unpaid wages due to time-shaving, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action. Plaintiff is also further entitled to unpaid wages resulting from Defendants' illegal retention of tips, pursuant to New York Labor Law.

## COUNT III

### RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

47. Plaintiff CHIN realleges and reavers by reference all allegations in the preceding paragraphs of this collective action Complaint as if fully set forth herein.

48.     Defendants retaliated against Plaintiff CHIN by firing her after she inquired about her pay stubs and wages.

49.     Defendants' actions constituted a violation of Section 15(a)(3) of the FLSA. 29 U.S.C. 215 (a)(3).

50.     Plaintiff CHIN suffered economic loss and mental distress from Defendants' retaliatory actions and having her employment compromised.

51.     Due to Defendants' retaliation, under the FLSA Plaintiff CHIN is entitled to recover from Defendants compensatory damages, punitive damages and all other penalties from Defendants the Court deems appropriate.

## COUNT IV

### RETALIATION UNDER THE NEW YORK LABOR LAW

52.     Plaintiff CHIN realleges and reavers by reference all allegations in the preceding paragraphs of this collective action Complaint as if fully set forth herein.

53.     Defendants retaliated against Plaintiff CHIN by firing her after she inquired about her pay stubs and wages.

54.     Defendants' actions constituted a violation of NYLL § 215.

55.     Plaintiff CHIN suffered economic loss and mental distress from Defendants' retaliatory actions and having her employment compromised.

56.     Due to Defendants' retaliation under the FLSA, Plaintiff CHIN is entitled to recover from Defendants compensatory damages, punitive damages and all other penalties from Defendants the Court deems appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and FLSA Collective Plaintiffs, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid compensation due to a policy of time-shaving;

d. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation for all hours worked, pursuant to 29 U.S.C. § 216;

g. Am award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation for all hours worked pursuant to the New York Labor law;

h. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: August 3, 2018

                          Respectfully submitted,

                          LEE LITIGATION GROUP, PLLC
                          C.K. Lee
                          Anne Seelig
                          30 East 39th Street, Second Floor
                          New York, NY 10016
                          Tel.: 212-465-1188
                          Fax: 212-465-1181
                          *Attorneys for Plaintiff and FLSA Collective Plaintiffs*

                    By: */s/ C.K. Lee*
                          C.K. Lee (CL 4086)