# Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct: (212) 465-1188
cklee@leelitigation.com

March 6, 2019

**VIA ECF**
The Honorable Lorna G. Schofield, U.S.D.J
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   *Chin et al v. 300 West 22 Realty LLC et al*
              Case No. 18-cv-7014

Dear Judge Schofield:

      We are counsel to Plaintiff and write, jointly with counsel to Defendants, to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss this matter with prejudice. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

      The court in *Wolinsky* sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted).

      In this matter, the parties have reached a settlement of $10,000 for Plaintiff's wage and hour claims. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

**Plaintiff's Range of Possible Recovery**

      Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $10,000, of which $6,500 is being allocated to Plaintiff Ula Chin. Attached hereto as **Exhibit**

**B** are damage calculations for Plaintiff's alleged unpaid compensation, calculated to be $2,800 in back wages for Ula Chin (100% recovery).

Plaintiff's damage calculations assume that all the facts alleged by Plaintiff are entirely correct. Therefore, they are a best-case scenario. Even though Defendants contest the facts alleged by Plaintiff, and therefore contend that Plaintiff is owed less, if anything, Defendants have agreed to pay the full amount Plaintiff alleges is owed. Since Plaintiff is receiving the full amount owed to her, there would be no reason to continue litigation. In fact, continuing the litigation and proceeding to trial would be highly risky to Plaintiff as she would run the risk of obtaining less than the payment she is receiving in the settlement.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and the Parties Face Serious Litigation Risks**

Plaintiff wishes to avoid the risk of further litigating her claims. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiff because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. Plaintiff believes the amount of $10,000 is a fair result, obtaining Plaintiff's full back wages, plus attorney's fees, while eliminating the risks of trial. In fact, there would be no benefit in continuing the litigation. Further litigation would be highly risky to Plaintiff as she would run the risk of receiving a smaller amount than what is allocated to her in the settlement.

**The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud of Collusion**

The proposed settlement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant documents and an open sharing of facts and information. The parties negotiated vigorously and were able to reach an agreement in which Plaintiffs would receive a recovery of all backwages plus attorneys' fees, and eliminating the burdens and costs of further litigation.

**The Attorneys' Fees are Fair and Reasonable**

Pursuant to the Settlement Agreement, of the $10,000 settlement amount, $3,100 is allocated to attorneys' fees and $400 in costs (a $400 filing fee). The legal fees of $3,100 equal 31% of the settlement amount, just under one-third, which is routinely approved as attorney's fees in such FLSA matters. Attached hereto as **Exhibit C** are Plaintiffs' counsel's detailed time records.

Plaintiff's counsel's fees of $3,100 are fair and reasonable given the time spent by Plaintiff's counsel. Such work includes interviewing the Plaintiffs, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, preparing for and attending an initial pretrial conference, preparing and serving Defendants with discovery demands, analyzing Defendants' discovery responses and production, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, correspondence with the mediator, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter in its entirety. We thank Your Honor for considering this matter.

Respectfully submitted,

 *s/ C.K. Lee* 
C.K. Lee, Esq.

Encl.